*885 BAKER, Judge,
concurring;
[59] I am compelled to concur fully with the majority opinion, but I write separately to voice my serious concerns about the extreme breadth of clause two of the relevant provision in the Knowles Agreement. Specifically, Knowles may not “solicit or communicate with any such customers for the purpose of selling, providing, attempting to sell or provide, or assisting any person or entity in the sale or provision of, any Competing Products/Services[.]” HWC Appellant’s App. p. 135-37 (emphasis added). To tell a person who works in sales that he may not even communicate with past or potential clients is to take away his proverbial bread and butter. He may no longer schmooze. That is far too draconian to sit comfortably with me. And in this case, it goes a step farther, because the past and potential clients are all government employees, which takes it even farther into an overly restrictive realm.
[60] We have largely moved as a society from an economy of goods to an economy of services. The disfavor with which this State views restrictive covenants should be heightened, in my view, where the purported irreparable harm cannot be quantified — which is almost always the case when it is the provision of services that is at the heart of a restrictive covenant. Under these circumstances, I believe only the narrowest of restrictive covenants should be enforceable, and I do not believe that clause two of the Knowles Agreement qualifies.[23] With the current state of caselaw, however, I am compelled to concur fully with the majority opinion.

. I have no reservations whatsoever about the drafting or enforcement of the provisions in these agreements prohibiting former ASI employees from poaching other ASI employees to work for HWC,